# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CASE NO. 1:15-CV-00227-RLV

| | |
|---|---|
| REBECCA LANTRIP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL, ACTING ) | |
| COMMISSINER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on cross-motions for summary judgment. (Docs. 10, 12). For the reasons that follow, the Plaintiff's Motion for Summary Judgment (Doc. 10) is **GRANTED IN PART** and **DENIED IN PART**, the Defendant's Motion for Summary Judgment (Doc. 12) is **DENIED**, the decision of the Commissioner is **VACATED**, and this matter is **REMANDED** for a new hearing to be held in a manner consistent with this order.

## I.     BACKGROUND

In December 2012, Plaintiff Rebecca Lantrip filed applications for disability insurance benefits and for supplemental security income under Titles II and XVI of the Social Security Act, alleging an inability to work due to a disabling condition commencing on October 1, 2011. (Tr. 18, 197-207). The Commissioner of Social Security ("Commissioner" or "Defendant") initially denied Plaintiff's applications on April 19, 2013 and, upon reconsideration, again denied the applications on June 24, 2013. (Tr. 18, 73-134, 137-47, 150-67). Plaintiff requested a hearing and, on February 14, 2014, appeared before Administrative Law Judge John L. McFadyen ("ALJ McFadyen") for said hearing. (Tr. 18, 51-72, 168-69).

Through a written decision, ALJ McFadyen concluded that Plaintiff was not disabled. (Tr. 18-30). At Step One, ALJ McFadyen found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. (Tr. 20). At Step Two, ALJ McFadyen found that Plaintiff suffered from multiple severe impairments, specifically degeneration of the cervical spine, Attention Deficit Hyperactivity Disorder (ADHD), Bipolar II Disorder, and a history of Generalized Anxiety. *Id.* Proceeding to Step Three, ALJ McFadyen noted that Plaintiff did not argue that she was disabled for purposes of this Step and concluded that none of Plaintiff's severe impairments, or a combination thereof, satisfied the Listings in 20 CFR Part 404. (Tr. 21-22). In reaching this conclusion, ALJ McFadyen, applying the psychiatric review technique, determined that Plaintiff's mental impairments did not result in any marked restrictions or episodes of decompensation, but did note that Plaintiff experienced moderate difficulties with concentration, persistence or pace.[1] (Tr. 21).

ALJ McFadyen then commenced his residual functional capacity assessment by summarizing Plaintiff's hearing testimony and medical records. (Tr. 20-28). Relevant to the assignment of errors Plaintiff raises before this Court, ALJ McFadyen discussed medical records showing that Plaintiff was diagnosed with Depressive Disorder, Bipolar Disorder II, and ADHD. (Tr. 24, 28). The medical records documented Plaintiff's reports of being distracted, having poor focus and memory loss, and experiencing racing thoughts and increased impulsivity. (Tr. 24-25). The medical records also included findings that Plaintiff was "easily distracted and hyperactive," and exhibited "an irritable/dysphoric mood, pressured speech, and interrupted frequently." (Tr. 24, 28). The medical records, however, noted an improvement in Plaintiff's condition following

---

[1] In reaching his finding regarding concentration, persistence, or pace, ALJ McFadyen commented that Plaintiff testified that she suffers from memory loss as a result of medications and depression, that Plaintiff reported difficulty with focus and concentration, and that "[c]linical findings, at times, reveal that [Plaintiff] has been easily distracted and hyperactive and interrupted frequently." (Tr. 21).

2

the prescribing of Tegretol, that Plaintiff did not exhibit any signs of depression, anxiety, or agitation between December 22, 2012 and April 18, 2013, and that Plaintiff declined a recommendation by Julie Todd, M.D., a family medicine physician, that she attend behavioral counseling. (Tr. 25, 28). Finally, one of Dr. Todd's notations suggested that Plaintiff exaggerated and perseverated past elements of her health and the way people had treated her in the past. (Tr. 28).

Comparing his review of the medical records and Plaintiff's statements about her activities to Plaintiff's testimony, ALJ McFadyen concluded that Plaintiff was not entirely credible and that Plaintiff only experienced moderate difficulties with respect to concentration, persistence, and pace. *Id*. To account for Plaintiff's moderate difficulties with concentration, persistence, and pace, ALJ McFadyen included a restriction in Plaintiff's residual functional capacity limiting Plaintiff to jobs requiring only "entry-level, unskilled, simple, and repetitive tasks." *Id*. Although ALJ McFadyen found that Plaintiff could perform medium work, he concluded that, for purposes of Step Four, the restriction for "entry-level, unskilled, simple, and repetitive tasks" prevented Plaintiff from performing any of her past relevant work.[2] *Id*. At Step Five, ALJ McFadyen, relying exclusively on the Medical-Vocational Guidelines, concluded that Plaintiff was not disabled because the restriction for "entry-level, unskilled, simple, and repetitive tasks" had "little or no effect on the occupational base of unskilled medium work." (Tr. 29).

Plaintiff requested that the Appeals Council review ALJ McFadyen's adverse decision but the Appeals Council denied review. (Tr. 1-14). Plaintiff filed this action seeking judicial review of the Commissioner's final decision denying benefits. In her motion for summary judgment,

---

[2] A vocational expert testified via telephone and provided classifications in the Dictionary of Occupational Titles for Plaintiff's past relevant work but was not asked any questions about Plaintiff's ability to return to her past relevant work or perform other work given the restriction for "entry-level, unskilled, simple, and repetitive tasks." (*See* Tr. 60, 70).

3

Plaintiff seeks a reversal of the Commissioner's adverse benefits decision or, in the alternative, a remand of this matter for a new hearing. (Doc. 10). Plaintiff's memorandum in support of her motion for summary judgment raises two related assignments of error: (1) ALJ McFadyen erred in evaluating Plaintiff's mental limitations because a restriction for "entry-level, unskilled, simple, and repetitive tasks" does not account for moderate difficulties with concentration, persistence, and pace; and (2) ALJ McFadyen erred by not consulting the vocational expert at Step Five given the nonexertional limitations stemming from Plaintiff's moderate difficulties with concentration, persistence, and pace. (Doc. 11 at 3-7). In response, the Commissioner argues that ALJ McFadyen supported his residual functional capacity assessment by relying on Plaintiff's medical records, the opinions of the state agency consultants, and the improvement in Plaintiff's condition attributable to medication to explain why a restriction for "entry-level, unskilled, simple, and repetitive tasks" adequately accounted for Plaintiff's moderate difficulties with concentration, persistence, and pace. (Doc. 13 at 5-8). In reply, Plaintiff argues that ALJ McFadyen relied on Plaintiff's medical record to discount her claim that she experienced more than moderate difficulties with concentration, persistence, and pace rather than to explain why the restriction adequately accounted for her moderate difficulties. (Doc. 14 at 1-3). Plaintiff also argues, in reply, that ALJ McFadyen's citation to the opinions of the state agency consultants cannot serve as a substitute for ALJ McFadyen independently evaluating the evidence. *Id.* at 2-3.

## II. DISCUSSION

### A. Standard of Review

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner is limited to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and

4

(2) whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Thus, if this Court finds that the Commissioner applied the correct legal standards and that her decision is supported by substantial evidence, the Commissioner's determination may not be overturned.

While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a scintilla and it must do more than create a suspicion of the existence of a fact to be established." *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (brackets and internal quotation marks omitted). Critically, "[t]he substantial evidence standard 'presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.'" *Dunn v. Colvin*, 607 F. App'x 264, 266 (4th Cir. 2015) (ellipsis omitted) (quoting *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (brackets and internal quotation marks omitted). Consequently, as long as the judgment is explained and supported by substantial evidence, this Court must accept the Commissioner's decision, even if this Court would reach an opposite conclusion or weigh the evidence differently if it were conducting a *de novo* review of the record. *See Hays*, 907 F.2d at 1456. Therefore, the issue before this Court is not whether Lantrip *is* disabled, but whether ALJ McFadyen's conclusion that Lantrip is *not* disabled

is explained and supported by substantial evidence and that such decision was reached based upon a correct application of the relevant law.

B.   Analysis

Before determining at Step Four whether a claimant can perform her past relevant work, the administrative law judge must conduct a residual functional capacity assessment. *Mascio*, 780 F.3d 632, 635 (4th Cir. 2015). Residual functional capacity is defined as "'an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms . . . may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities.'" *Id.* at 639 (emphasis omitted) (quoting Social Security Ruling ("SSR") 96-8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996)). In assessing a claimant's residual functional capacity, the administrative law judge "'must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations." *Id.* at 636 (quoting SSR 96-8p, 61 Fed. Reg. at 34,475 (July 2, 1996)). Furthermore, an administrative law judge's "residual functional capacity 'assessment must include a narrative discussion *describing how the evidence supports each conclusion*, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).'" *Id.* (emphasis added) (quoting SSR 96-8p, 61 Fed. Reg. at 34,478).

With respect to the significance of alleged mental impairments relative to the disability determination, an administrative law judge's psychiatric review technique analysis for purposes of Step Two or Step Three is distinct from his residual functional capacity assessment. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). Nonetheless, "nothing precludes the [administrative law judge] from considering the results of [his psychiatric review technique

6

analysis] in his determination of the [claimant's residual functional capacity]." *Id.* Here, ALJ McFadyen, by discussing Plaintiff's moderate difficulties with concentration, persistence, and pace during his residual functional capacity assessment, clearly considered his Step Three psychiatric review technique analysis when performing the residual functional capacity assessment. (*See* Tr. 28). To that point, the flow and organization of the residual functional capacity assessment in ALJ McFadyen's decision demonstrates that ALJ McFadyen included the restriction for "entry-level, unskilled, simple, and repetitive tasks" to account for Plaintiff's moderate difficulties with concentration, persistence, and pace. *See id.*[3]

Subsequent to ALJ McFadyen's decision, the United States Court of Appeals for the Fourth Circuit joined four of its sister circuits in holding that "an [administrative law judge] does not account 'for a claimant's limitations in concentration, persistence, and pace [by including a restriction for] simple, routine tasks or unskilled work." *Mascio*, 780 F.3d at 638 (quoting *Winschel*, 631 F.3d at 1180); *see also Stewart v. Astrue*, 561 F.3d 679, 685 (7th Cir. 2009) (holding that restriction for "simple, routine tasks that do not require constant interactions with coworkers or the general public" did not account for moderate difficulties with concentration, persistence, and pace); *Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d Cir. 2004) (holding that restriction for "simple one or two-step tasks" did not account for difficulties with concentration, persistence, and pace); *Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996) (holding that restriction for "simple jobs" did not account for moderate difficulties with concentration, persistence, and pace). In so holding, the Fourth Circuit reasoned that "the ability to perform simple tasks differs from the

---

[3] Specifically, ALJ McFadyen immediately followed his reference to Plaintiff's moderate difficulties with concentration, persistence, and pace with his inclusion of the restriction. The relevant, successive lines of ALJ McFadyen's decision state: "The undersigned finds it reasonable to conclude that the claimant's symptoms could reasonably cause moderate difficulties in maintaining concentration, persistence, and pace. The objective and functional evidence supports the mental capacity for entry-level, unskilled, simple, and repetitive tasks[.]" (Tr. 28).

ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Mascio*, 780 at 638. Instead, if an administrative law judge includes a restriction for simple tasks to account for a claimant's difficulties with concentration, persistence, and pace, the administrative law judge must provide an explanation, supported by the record, for why this restriction adequately accounts for the difficulties. *See id.*; *see also Winschel*, 631 F.3d at 1180-81. Absent such an explanation, the administrative law judge's assessment that the claimant's residual functional capacity permitted the claimant to perform certain work will not be supported by substantial evidence and a remand for further proceedings is required. *See Mascio*, 780 F.3d at 638.

As determined *supra*, ALJ McFadyen included a restriction similar to those at issue in *Mascio*, *Winschel*, and *Stewart* to account for Plaintiff's moderate difficulties with concentration, persistence, and pace.[4] Contrary to the Commissioner's arguments, and in accord with Plaintiff's reply argument, a plain reading of the paragraphs in ALJ McFadyen's decision containing his discussion of Plaintiff's medical records, Plaintiff's activities, Plaintiff's credibility, Plaintiff's improving condition, and the opinions of the state agency consultants shows that ALJ McFadyen discussed these pieces of evidence relative to his rejection of Plaintiff's contention that she suffers from more than moderate difficulties with concentration, persistence, and pace. (*See* Tr. 28). Tellingly, after discussing Plaintiff's medical records, improving condition, activities, credibility, and declination of behavioral counseling, ALJ McFadyen announced the conclusion that "[g]reater than moderate difficulties in maintaining concentration, persistence, or pace are not accepted." *Id.*

---

[4] Although the restriction in Plaintiff's residual functional capacity is not identical to the restrictions in *Mascio*, *Winschel*, and *Stewart*—most notably it includes a restriction for "repetitive tasks" rather than "routine tasks" or "simple one or two-step tasks"—the Commissioner does not argue that the restriction in Plaintiff's residual functional capacity adequately accounted for Plaintiff's difficulties with concentration, persistence, and pace because it is more restrictive than the restrictions in the aforementioned cases. (*See* Doc. 13 at 5-8).

8

If ALJ McFadyen intended for his discussion of these pieces of evidence to support a conclusion that no further restriction was necessary, the conclusion of his discussion could have and would have stated such. ALJ McFadyen's reliance on the opinions of the state agency consultants is also best understood as relating to his conclusion that Plaintiff experienced no more than moderate difficulties with concentration, persistence, and pace because the discussion of the opinions occurs immediately after his conclusions about the extent of Plaintiff's difficulties as to concentration, persistence, and pace and commences with the statement that "[t]he conclusions set out above are supported by the opinion of the State Agency medical consultants . . . ."[5] *Id.*

While it is conceivable that an administrative law judge, on remand, might satisfy the threshold imposed by the substantial evidence standard by relying on the very evidence cited by the Commissioner to conclude that the restriction included by ALJ McFadyen accounts for Plaintiff's mental limitations and moderate difficulties with concentration, persistence, and pace, it is not this Court's place to supplant the administrative law judge and perform the analytical functions properly placed on the administrative law judge in the first instance. Because ALJ McFadyen generally relied on a restriction for "entry-level, unskilled, simple, and repetitive tasks" to account for Plaintiff's moderate difficulties with concentration, persistence, and pace without providing further explanation as to why this restriction adequately accounted for the difficulties, his residual functional capacity assessment and Step Five conclusion that Plaintiff is not disabled are not supported by substantial evidence.

---

[5] Even if ALJ McFadyen's decision could be read as relying on the opinions of the state agency consultants to explain why the restriction he included adequately accounted for Plaintiff's difficulties with concentration, persistence, and pace, the residual functional capacity assessment and Step Five analysis would still not be supported by substantial evidence because the portions of the opinions of the state agency consultants identified by the Commissioner state, in conclusory fashion, that Plaintiff "would be able to maintain attention and concentration in order to complete simple tasks" without providing any explanation as to why this is so given the state agency consultants' simultaneous finding that Plaintiff is "moderately limited" with respect to her "ability to maintain attention and concentration for extended periods" and to her "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances." (Tr. 82-83, 114).

### III. DECRETAL

**IT IS, THEREFORE, ORDERED THAT:**

(1) Plaintiff's Motion for Summary Judgment (Doc. 10) is **GRANTED IN PART** and **DENIED IN PART**;[6]

(2) Defendant's Motion for Summary Judgment (Doc. 12) is **DENIED**; and

(3) The decision of the Commissioner is **VACATED** and this matter is **REMANDED** for a new hearing.

Signed: March 28, 2017

Richard L. Voorhees
United States District Judge

---

[6] Plaintiff's Motion for Summary Judgment (Doc. 10) is **DENIED** with respect to her request for relief in the form of a reversal of the Commissioner's decision but is **GRANTED** with respect to her alternative request for relief in the form of a remand for a new hearing.